United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MEDINA ARROYO,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL, et al.,<br>Defendants. | Case No. 25-cv-00439-PCP<br><br>**ORDER DENYING MOTION TO ALTER, AMEND, AND VACATE FINAL JUDGMENT**<br><br>Re: Dkt. No. 53 |

Pro se plaintiff Martin Medina Arroyo moves to alter, amend, and vacate the Court's final judgment in this action. In essence, Mr. Arroyo seeks reconsideration of the Court's order granting defendants' motion for summary judgment. The motion is denied.

Federal Rule of Civil Procedure Rule 59(e) allows a party to move the Court to "alter or amend a judgment no later than 28 days after the entry of judgment." "[T]here are four basic grounds upon which a Rule 59(e) motion may be granted: (1) ... to correct manifest errors of law or fact upon which the judgment rests; (2) ... to present newly discovered or previously unavailable evidence; (3) ... to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources .... Indeed, a motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Litvinova v. City & Cnty. of San Francisco*, No. 18-CV-01494-RS, 2022 WL 4181006 (N.D. Cal. Sept. 12, 2022) ("Plaintiffs must satisfy a high bar to prevail on [a] motion for reconsideration, regardless of whether they rely on Fed. R. Civ. P. 59(e) or 60(b)."). The party moving to set aside judgment bears the "burden to establish a basis for reconsideration

under Rule 59(e) or 60(b).” *Yould v. Barnard*, 2018 WL 4300523, at *2 (N.D. Cal. Sept. 10, 2018).

Mr. Arroyo makes several different arguments as to why the Court should reconsider its prior order. None are availing.

First, Mr. Arroyo argues that the Court’s summary-judgment order “completely omit[ed]” his “unassailable data-backed proof that the digital video files disclosed by [d]efendants possess severe structural defects that destroy their baseline authenticity.” Mr. Arroyo contends that these “structural defects” included defendants’ alteration of the video recording of his arrest and their deletion of video recordings from Mr. Arroyo’s subsequent processing at a California Highway Patrol station. The Court did not fail to consider Mr. Arroyo’s evidence and arguments concerning the video recordings. To the contrary, the summary-judgment order acknowledged that Mr. Arroyo had filed an affidavit “attesting that … defendants materially altered the video recording.” Dkt. No. 50, at 6–7. But the Court explained that Mr. Arroyo failed to show that the alleged alterations to the recording of his arrest would bear on defendants’ summary-judgment motion. *Id.* at 8–9. And the Court agreed with the magistrate judge that none of the evidence submitted by Mr. Arroyo suggested that any recording of his time at the CHP station existed or had been deleted. *Id.* at 8. Nevertheless, in light of Mr. Arroyo’s challenge to the authenticity of the video evidence, the Court resolved defendants’ motion for summary judgment without looking to that evidence. *Id.* at 9–10. Because the Court considered Mr. Arroyo’s arguments concerning the video evidence, and because such evidence played no part in the Court’s summary-judgment analysis, Mr. Arroyo’s continued challenges to the evidence provide no basis for reconsideration.

Second, Mr. Arroyo argues that the Court must revisit its summary-judgment order because one of his filings, which he had submitted before the order issued, was posted to the docket only after the order issued. As a result, the Court did not review that filing before issuing the summary-judgment order. But nothing in that filing changes the Court’s analysis. Indeed, as Mr. Arroyo wrote in the filing, it did “not reargue[] any settled issues” and simply reiterated his prior request “that the Court evaluate the material forensic evidence already timely submitted within the record.” Dkt. No. 52, at 2. As noted above, the Court evaluated Mr. Arroyo’s forensic

United States District Court
Northern District of California

evidence when ruling on defendants' motion for summary judgment.

Third, Mr. Arroyo contends that summary judgment was improper because he complied with all procedural requirements in opposing defendants' motion. But his procedural compliance does not create the genuine dispute of material fact necessary to overcome summary judgment.

Finally, Mr. Arroyo asserts that defendants sent him their statement of undisputed material facts only as a PDF and not in an editable word-processing format, as required by the Court's standing order on summary judgment. Because Mr. Arroyo was nevertheless able to submit a responsive statement of disputed facts, *see* Dkt. No. 39, the Court concludes that any procedural violation by defendants did not cause prejudice. The Court therefore waives the requirement that defendants send an editable word-processing file and will not reconsider its summary-judgment order based on their alleged failure to do so. *See Chavez v. Cal. Dep't of Corr. & Rehab.*, No. 10-CV-0169, 2010 WL 11596462, at *1 n.1 (C.D. Cal. Mar. 19, 2010) (exercising inherent authority to waive local procedural rule based on a lack of prejudice).

Mr. Arroyo has not shown any grounds to justify the "extraordinary remedy" of reconsideration pursuant to Rule 59(e). Accordingly, his motion to alter, amend, or vacate the Court's final judgment is DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2026

P. Casey Pitts
United States District Judge